# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUSAN DRAGISICH,<br><br>                Plaintiff,<br>v.<br><br>WEST ALLIS MEMORIAL HOSPITAL, WEST ALLIS POLICE DEPARTMENT, DR. RICHARD S. KOWALCZYK, OFFICER LAZARIS, RN JACQUELINE JANATIS, OFFICER JACOBSON, and JOHN AND JANE DOE SECURITY STAFF,<br><br>                Defendants. | Case No. 23-CV-1229-JPS<br><br>**ORDER** |

      Plaintiff Dusan Dragisich, an inmate confined at Oakhill Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

      This case was previously assigned to Magistrate Judge Stephen C. Dries. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this Order dismissing the case.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability

to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 5, 2023, Judge Dries ordered Plaintiff to pay an initial partial filing fee of $54.72. ECF No. 7. Plaintiff paid that fee on October 30, 2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE COMPLAINT**

   2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on December 20, 2017, Defendants Dr. Richard S. Kowalcyzk, and Nurse Jacqueline Janatis, who are employed by West Allis Memorial Hospital, violated his rights because they treated him for an unknown ailment even though he refused treatment. ECF No. 1 at 2. West Allis Memorial Hospital also admitted him even though he refused treatment. *Id.* Unidentified hospital security staff, named as John and Jane Doe Security staff, failed to prevent an assault against him, resulting in a broken neck in the ER. *Id.* He states that this "forced examination" was orchestrated by Defendants West Allis Police Officers Lazaris and Jacobson. *Id.* at 3. Plaintiff was arrested for a parole violation. *Id.*

**2.3  Analysis**

Plaintiff claims that Defendants violated his constitutional rights when they forced him to undergo a medical examination.[1] At the outset, Plaintiff cannot proceed against the West Allis Police Department. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. A police department is generally not a proper defendant. *See Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009); *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Although a city can be a proper defendant in a Section 1983 case, Plaintiff has not plead facts to support a claim against the City of West Allis here. Section 1983 grants a private right of action against a "person" who acts under color of state law to deprive another of rights under federal law, including the Constitution. A key part of § 1983's doctrinal structure is the difference between individual and governmental liability. In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the United States Supreme Court found that a plaintiff may proceed against a municipal government so long as a constitutional violation was caused by: (1) an express government policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. 436 U.S. at 690–91; *Glisson v. Ind. Dep't of Correction*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

---

[1] Plaintiff also adds one line that seems to imply Officers Lazaris and Jacobson used excessive force against him resulting in a broken neck. ECF No. 1 at 3. However, Plaintiff was allowed to proceed against these officers in Eastern District of Wisconsin Case No. 20-CV-1465-SCD for use of excessive force at a hospital causing injury to his neck. *See Dragisich v. Lazaris,* Case No. 20-CV-1465-SCD, ECF No. 53. As such, the Court will not allow him to proceed on this claim a second time.

Here, Plaintiff does not allege any facts to state a *Monell* claim against the City of West Allis. He makes no mention of the failure to train or any unconstitutional policy, customs, or practice. As such, Plaintiff may not proceed against Defendant West Allis Police Department in this action.

Plaintiff also cannot proceed against West Allis Memorial Hospital and the defendants who are employees of the hospital (Dr. Kowalczyk, Nurse Janatis, and the John and Jane Doe Security Officers). "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). To determine whether an employee of a private entity is acting under the color of state law, the court must find a "'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Id.* at 823 (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 352 (1974)). Plaintiff does not allege that the employees of West Allis Memorial Hospital were acting under the color of state law, nor does he allege facts that would lead the Court to find that there was a close nexus between the State and West Allis Memorial Hospital or the hospital employees. As such, Plaintiff fails to state a claim against these defendants.

As for Plaintiff's allegations that Officers Lazaris and Jacobson orchestrated the forced examination, he does not provide any factual allegations that they did so. While courts are to liberally construe *pro se* plaintiffs' complaints, courts cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570. Alleging that the defendant officers orchestrated

a forced examination is too conclusory to state a claim upon which relief may be granted.

As such, the Court finds that Plaintiff's complaint fails to state any claim upon which relief may be granted. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, courts need not do so where the amendment would be futile. *See O'Boyle v. Real Time Resolutions, Inc.,* 910 F.3d 338, 347 (7th Cir. 2018). Plaintiff's complaint is thorough in its allegations of facts surrounding this claim, so the Court therefore finds that further amendment would be futile. As such, the Court will dismiss this case.

### 3. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $295.28 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another

county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that a copy of this Order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of December, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.